NORMAN E. BOATMAN *et al.*, Plaintiffs-Appellees, v. A.P. GREEN RE-
FRACTORIES COMPANY *et al.*, Defendants (North American Refractories
Company, Defendant-Appellant).

Fifth District No. 5—91—0231

Opinion filed December 31, 1991.

Kenneth R. Heineman, Bruce D. Ryder, and Ronald L. Hack, all of Coburn, Croft & Putzell, of St. Louis, Missouri, for appellant.

Randall A. Bono and Michael R. Bilbrey, both of Bono, Goldenberg, Hopkins & Bilbrey, P.C., of Wood River, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Before us are permissive interlocutory appeals under Supreme Court Rule 308 (134 Ill. 2d R. 308) from identical orders entered by the circuit court of St. Clair County in each of six separate but related cases involving the same 19 defendants. The challenged orders denied petitions filed by defendant North American Refractories Company (North American) pursuant to section 2—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001) for a change of venue based on judicial prejudice because changes of venue on account of judicial prejudice had already been granted to two of the other defendants in each case.

In all six cases a common question of law was certified for our review, namely, whether "each defendant in a multi-defendant case who files an otherwise proper and timely motion for change of venue [has] an absolute right to change of venue pursuant to Section 2—1001 of the Illinois Code of Civil Procedure and, if not, did the trial court err in denying the motion for change of venue herein?" By separate order, we have consolidated the six cases for argument and decision. For the reasons which follow, we now hold that each defendant in a multidefendant case does have an absolute right to one change of venue where, as here, the requirements of the venue statute have been otherwise satisfied. We therefore reverse and remand with directions that defendant North American's petitions be granted.

The six cases involved here are part of 13 separate actions brought in the circuit court of St. Clair County to recover damages for personal injuries allegedly sustained by the plaintiffs as a result of exposure to asbestos fibers during the course of their employment as bricklayers. Named as defendants in each of the cases are 19 different companies, including the Sager Corporation, the Keene Corporation and North American. According to the pleadings, these 19 companies were responsible for manufacturing, distributing or selling the products from which the asbestos fibers emanated.

The complaints in each case were filed on December 8, 1989, and the cases were assigned to Judge Patrick Fleming, along with the seven other asbestos suits. In May of 1990, the plaintiffs in all 13 of the suits sought and obtained a change of venue pursuant to section 2—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001) on the grounds that Judge Fleming was prejudiced against them. The cases were then reassigned to Judge James M. Radcliffe.

Four months later, defendant Sager Corporation sought and obtained a change of venue on the grounds that Judge Radcliffe was prejudiced against it. The cases were next reassigned to the Honorable Stephen M. Kernan. The following month, defendant Keene Corporation filed its own petitions for a change of venue alleging prejudice by Judge Kernan. Its petitions were also granted, and the cases were reassigned to a third judge, the Honorable Roger Scrivner. The month after that, petitions for a change of venue were filed by defendant North American alleging prejudice on the part of Judge Scrivner. These are the petitions which are at issue here.

Even though no prior petitions for change of venue had been filed by North American itself, even though the court had not yet ruled upon any substantial issue in the case, and even though North American's petitions otherwise met the requirements of section 2—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001), the petitions were denied by Judge Scrivner following a hearing. Judge Scrivner denied them solely because of the two prior sets of petitions which had already been granted to other defendants in the litigation.

In ruling as he did, Judge Scrivner made a written finding that his orders involved a question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from those orders may materially advance the ultimate termination of the litigation. As noted at the outset of this opinion, the question identified by the judge was whether "each defendant in a multi-defendant case who files an otherwise proper and timely motion for change of venue [has] an absolute right to one change of venue pursuant to Section 2—1001 of the Illinois Code of Civil Procedure and, if not, did the trial court err in denying the motion for change of venue herein?"

■ In addressing this question, we begin with the language of the statute, which states, in pertinent part, that a change of venue in a civil action may be had "[w]here any party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending, because *** the judge is prejudiced against him

or her." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(a)(2).) In such a situation, venue may be changed by consent of the parties or by application by a party or his or her attorney. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(a)(2).) Where a change of venue is granted, "it may be to some other judge in the same county, or in some other convenient county to which there is no valid objection." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(b).) No party, however, is entitled to more than one change of venue. Ill. Rev. Stat. 1989, ch. 110, par. 2—1002.

 Our supreme court has recently reiterated that venue provisions are to be liberally construed, with an end toward effecting rather than defeating a change of venue, particularly where the impartiality of the trial judge is called into question. Where a petition asserting prejudice on the part of the trial judge is filed before trial or hearing and before the judge presiding in the case has made any substantial ruling, the right to a change of venue is absolute. If the petition for a change of venue is in proper form and timely filed, the trial judge must grant the petition. It has no discretion to do otherwise. *In re Dominique F.* (1991), 145 Ill. 2d 311, 318-19.

Nothing in the venue statutes authorizes a trial judge to deny a proper and timely petition simply because one or more changes of venue have already been granted to other parties in the case. As we have previously indicated, the only limitation imposed by the statutes is that no particular party "shall have more than one change of venue." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1002.) In Illinois, however, each individual defendant in a multidefendant case is deemed to be a separate party. (See, *e.g.*, 134 Ill. 2d R. 11(c).) Accordingly, each such defendant in a multidefendant action must be regarded as having an independent right to one change of venue based on judicial prejudice.

There is no dispute that the petitions filed by defendant North American in the cases before us met all of the technical statutory requirements. They alleged that Judge Scrivner was prejudiced against North American and that such prejudice would prevent the company from receiving a fair trial. They were supported by affidavit and requested that all further proceedings in the cases be assigned to a different judge. At the time the petitions were filed, neither Judge Scrivner nor any of the previous judges had made any rulings on any substantial issues in any of the cases. In addition, defendant North American itself had not previously sought any change of venue. This was its first request. Its petitions should therefore have been granted.

In denying those petitions, the trial judge here was concerned that if all 19 of the defendants sought a separate change of venue,

there would eventually be no judges left in the circuit who could hear the cases. That, however, is not a valid consideration. The staffing limitations of a particular circuit cannot be given precedence over a party's right to trial before an impartial tribunal. If one county can provide no jurist who is free from bias, the case can, by statute, be transferred to "some other convenient county, to which there is no valid objection." Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(b).

■ The trial judge also intimated that he did not believe that a change of venue based on prejudice was warranted because none of the defendants could substantiate their claims of prejudice. In his words, "I've never even had half of you appear in front of me. I don't even know who you are. You've never had a case in front of me." What the trial judge failed to appreciate is that none of the defendants, North American included, was required to prove prejudice in order to obtain a change of venue. Where a petition for change of venue on the basis of the trial judge's prejudice is made, verified, and filed in accordance with the requirements of the statute before any substantive ruling is made, only general allegations of prejudice are necessary in order to trigger the petitioner's absolute right to a substitution of judges. (*In re Dominique F.* (1991), 145 Ill. 2d 311, 319.) The trial judge has no right to inquire into whether those allegations are true or false. *In re Marriage of Cummins* (1982), 106 Ill. App. 3d 44, 47, 435 N.E.2d 506, 508.

■ Finally, plaintiffs argue that defendant North American's petitions were properly denied because they were simply part of a scheme to delay or avoid a trial. There is no evidence in the record before us, however, to support such a charge, and no finding of improper motive was made by the circuit court. To the contrary, in the question certified for our consideration, the circuit court expressly assumed that North American's petitions were "otherwise proper and timely."

For the foregoing reasons, we must conclude that the circuit court of St. Clair County erred when it denied defendant North American's petitions for a change of venue based on judicial prejudice. Accordingly, the circuit court's orders denying North American's petitions are reversed, and these causes are remanded with directions that the petitions be granted.

Reversed and remanded with directions.

LEWIS and HOWERTON, JJ., concur.