MICHAEL BEAHRINGER, Plaintiff-Appellee, v. HARDEE'S FOOD SYSTEMS, INC., *et al.*, Defendants-Appellants.

Fifth District No. 5—95—0935

Opinion filed July 23, 1996.

Veronica A. Gioia, of Bryan Cave, L.L.P., of St. Louis, Missouri, for appellants.

No brief filed for appellee.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Hardee's Food Systems, Inc. (Hardee's), appeals the denial of its motion for substitution of judge. We reverse and remand this cause with directions.

Plaintiff, Michael Beahringer, filed a complaint against defendants, Hardee's and two individual employees, alleging defamation stemming from the termination of his employment with Hardee's. All three defendants are represented by the same counsel. One month after Hardee's was served with the complaint, Hardee's filed a motion for substitution of judge pursuant to section 2—1001(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2—1001(a)(2) (West 1994)). No previous judge had granted any motion for substitution of judge as a matter of right filed by any party in the case, and the judge assigned to the case had made no rulings on any substantive issues. Plaintiff did not oppose the motion. The assigned judge, however, refused to rule on the motion because the two individual defendants

had not yet been served. After they were served and counsel representing Hardee's entered their appearance on behalf of the two individuals, the judge ordered defendants, as a group, to file a proper motion for substitution of judge. Hardee's renewed its motion on its behalf only. The assigned judge denied the motion, and Hardee's timely filed its application for leave to appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). Hardee's contends on appeal that the court erred in denying its motion for substitution of judge, claiming that Illinois law gives each party to a lawsuit an absolute right to a substitution of a single judge without the need for joinder in the motion by other, in this instance, defendants. We agree.

Under section 2—1001(a)(2) of the Code, each party is entitled to one substitution of judge without cause, as a matter of right. If the petition for substitution is filed before the judge has made any substantive rulings in the case, the court has no discretion to deny such a request unless it can be established the motion was made simply to delay or avoid trial. See *In re Dominique F.*, 145 Ill. 2d 311, 319, 583 N.E.2d 555, 558 (1991); *Hoffmann v. Hoffmann*, 40 Ill. 2d 344, 347-48, 239 N.E.2d 792, 794 (1968); *In re Marriage of Roach*, 245 Ill. App. 3d 742, 745-46, 615 N.E.2d 30, 32-33 (1993). Here, there is no issue of delay or avoidance of trial. The only issue is the number of defendants and their corresponding rights. In *Boatman v. A.P. Green Refractories Co.*, 223 Ill. App. 3d 121, 584 N.E.2d 1066 (1991), we held that each individual defendant in a multidefendant action is deemed to be a separate party and each such party has an independent right to one substitution of judge. *Boatman*, 223 Ill. App. 3d at 124, 584 N.E.2d at 1068-69. Nothing in our decision suggests that the right of each party to one substitution is altered in any way when the same counsel represents more than one plaintiff or defendant. More importantly, nothing in the plain language of the statute suggests that all defendants represented by the same counsel are entitled to only one change of judge as a group. The statute's provisions are to be liberally construed in order to effect rather than defeat the right of substitution. *Boatman*, 223 Ill. App. 3d at 124, 584 N.E.2d at 1068; *Spanberger v. Tulyasathien*, 76 Ill. App. 3d 867, 869, 395 N.E.2d 689, 690 (1979). To interpret the statute as the trial court has done defeats that very right. Accordingly, Hardee's motion, having been made timely and in compliance with the statute, should not have been denied. The trial court erred in refusing to grant the motion.

For the aforementioned reasons, we reverse the order of the circuit court of St. Clair County denying the motion for substitution

of judge and remand this cause with directions that the motion be granted.

Reversed and remanded with directions.

HOPKINS, P.J., and GOLDENHERSH, J., concur.