SIXTH DIVISION

October 22, 1999

No. 1-98-4537

EDMOND SAHOURY, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. )

)

FRANK MOSES, ) The Honorable

) 
Paddy H. McNamara
,

Defendant-Appellant. ) Presiding Judge.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant has filed a interlocutory appeal from the denial of his petition for substitution of judge by the circuit court of Cook County.  The trial court certified the relevant question for review, and we granted defendant leave to appeal pursuant to Supreme Court Rule 308.  155 Ill. 2d R. 308.  Plaintiff has not filed a brief in response to defendant's contention of error; however, we may consider the issue raised under the ruling of 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133 (1976).

On May 20, 1997, plaintiff Edmond Sahoury refiled a complaint at law (735 ILCS 5/13-217 (West 1996)) seeking damages from defen-

dant Frank Moses for the injuries plaintiff sustained in an automo-

bile crash allegedly caused by defendant's negligent operation of a motor vehicle.  The case was set for pretrial on November 17, 

1998, and on that date, defendant filed a petition for substitution of judge as a matter of right.  735 ILCS 5/2-1001(a)(2) (West 1998).  Defendant asserted that his petition was timely in that no substantive issues had been ruled upon in the case and the petition was brought before trial.  Plaintiff raised no objection to the petition.  The trial court ruled that defendant's petition was untimely and denied defendant's request.

On November 19, 1998, plaintiff brought an emergency motion to continue the trial, which was then scheduled for November 23, 1998, and defendant made an oral motion for reconsideration of his peti-

tion for substitution of judge.  The court denied defendant's  motion and stayed the proceedings pending the resolution of this issue in a permissive interlocutory appeal.  On November 25, 1998, the court certified the following issue for appeal:

"Without any prior substantive rulings, and without requesting a continuance of the trial, it is untimely for a party, one week before a trial, and after the trial date has been pending for four months, to move for a substi-

tution of Judge as a matter of right and without cause pursuant to 735 ILCS 5/2-

1001(a)(2), when the case has been pending before the same judge since it was filed with the court."

The task of the appellate court in a Rule 308 appeal is to answer the question certified by the trial court.  
Danner v. Norfolk & Western Railway Co.
, 271 Ill. App. 3d 598, 601 (1995).

In a civil action, each litigant is entitled to one substitution of judge without cause as of right provided that the petition is presented before trial or hearing begins and before the trial judge has made any substantive ruling in the case.  735 ILCS 5/2-1001(a)(2) (West 1998); 
In re Dominique F.
, 145 Ill. 2d 311, 319 (1991).  The provisions of this statute are to be liberally construed, and where the conditions are met, the trial court has no discretion to deny the request unless it is shown that the motion was made simply to delay or avoid trial.  
Beahringer v. Hardee's Food Systems, Inc.
, 282 Ill. App. 3d, 600, 601 (1996); see also 
Dominique F.
, 145 Ill. 2d at 319.

The record in this case shows that defendant's petition com-

plied with the statutory requirements, and there is nothing to indicate that the petition was filed solely to delay or avoid trial.  Under these circumstances, the court was required to grant the peti-tion (
Dominique F.
, 145 Ill. 2d at 319), and its refusal to do so was error.  
Beahringer
, 282 Ill. App. 3d at 601.

Accordingly, we answer the question in the negative, reverse the order of the circuit court of Cook County denying the motion for substitution of judge and remand the cause with directions that the motion be granted.

Reversed and remanded with directions.

Zwick
, P.J., and 
Campbell
, J., concur.