CHARLES A. AUSSIEKER *et al.*, Plaintiffs-Appellants, v. THE CITY OF BLOOMINGTON, Defendant-Appellee.

Fourth District   No. 4—04—0540

Argued December 8, 2004.—Opinion filed January 27, 2005.

APPLETON, J., specially concurring in part and dissenting in part.
MYERSCOUGH, J., concurring in part and dissenting in part.

John L. Morel (argued), of John L. Morel, P.C., of Bloomington, for appellants.

J. Todd Greenburg (argued), Corporation Counsel, of Bloomington, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In this case, we consider whether each plaintiff in a multiple-plaintiff civil case is entitled to one motion for substitution of judge as of right under section 2—1001(a)(2) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—1001(a)(2) (West 2002)). We conclude that the answer is yes, and we reverse the trial court's order denying plaintiff Arnold R. Zimmer's motion for substitution of judge as of right.

## I. BACKGROUND

On April 26, 2004, plaintiffs, 17 taxpayers and real estate owners, filed a declaratory judgment action against defendant, the City of Bloomington, alleging that the city did not exercise appropriate diligence in soliciting bids for the construction of a municipal arena. On April 27, 2004, the city filed a motion to dismiss, and a hearing was scheduled for April 30, 2004. Before the hearing was held, plaintiff James D. Elder filed a motion to substitute Judge Charles Reynard under section 2—1001(a)(2) of the Civil Code (735 ILCS 5/2—1001(a)(2) (West 2002)). On April 30, 2004, the trial court granted Elder's motion, and the case was later reassigned to Judge Donald D. Bernardi.

The trial court set a hearing on the city's motion to dismiss for May 14, 2004. On May 12, 2004, plaintiffs filed a response to the city's motion. Also on that day, Zimmer filed a motion for substitution of judge as of right under section 2—1001(a)(2) of the Civil Code. On May 13, 2004, the city filed an objection to Zimmer's motion, alleging that (1) the motion was brought for the purpose of delay and should therefore be denied and, alternatively, (2) Zimmer had not preserved his right to file a second motion for substitution of judge by informing the court that he was not joining in Elder's motion for substitution of judge.

On May 14, 2004, the trial court first conducted a hearing on Zim-

mer's motion for substitution of judge and denied it. Specifically, the court found that the 17 named individual plaintiffs constituted one party and thus were collectively entitled to only one motion for substitution of judge under section 2—1001(a)(2) of the Civil Code. The court further explained that multiple plaintiffs can be distinguished from multiple defendants who are considered separate parties entitled to multiple motions for substitution under Illinois law. The court then conducted a hearing on the city's motion to dismiss plaintiffs' complaint and granted that motion with leave to refile within 21 days.

This appeal followed.

## II. THE TRIAL COURT'S DENIAL OF ZIMMER'S MOTION FOR SUBSTITUTION OF JUDGE

Plaintiffs argue that the trial court erred by denying Zimmer's motion for substitution of judge because each plaintiff in a multiple-plaintiff civil action is entitled to one motion for substitution of judge as of right under section 2—1001(a)(2) of the Civil Code (735 ILCS 5/2—1001(a)(2) (West 2002)). We agree.

When interpreting a statute, an appellate court must ascertain and give effect to the legislature's intent, and the best indication of such intent is the language of the statute itself. *People v. Olsson*, 335 Ill. App. 3d 372, 374, 780 N.E.2d 816, 818 (2002). When the statutory language is clear and unambiguous, a court must give effect to its plain and ordinary meaning without resort to other tools of statutory construction. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 255, 807 N.E.2d 439, 444, (2004). Further, undefined words in a statute are given their plain and ordinary meaning. *In re Estate of Poole*, 207 Ill. 2d 393, 406, 799 N.E.2d 250, 258 (2003).

■ Section 2—1001(a)(2)(i) of the Civil Code provides that "in any civil action *** [e]ach party shall be entitled to one substitution of judge without cause as a matter of right." 735 ILCS 5/2—1001(a)(2)(i) (West 2002). This statute is " 'to be liberally construed, and where the conditions are met, the trial court has no discretion to deny the request unless it is shown that the motion was made simply to delay or avoid trial.' " *Illinois Licensed Beverage Ass'n, Inc. v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932, 776 N.E.2d 255, 259-60 (2002), quoting *Sahoury v. Moses*, 308 Ill. App. 3d 413, 414, 719 N.E.2d 1157, 1158 (1999). If the motion requesting substitution of judge is filed before the presiding judge has made a substantial ruling, the right to substitution is absolute. *Scroggins v. Scroggins*, 327 Ill. App. 3d 333, 336, 762 N.E.2d 1195, 1198 (2002). Additionally, any order entered after a motion for substitution of judge is improperly denied is void.

*Advanta*, 333 Ill. App. 3d at 932, 776 N.E.2d at 260. The Fifth District has held that each individual defendant in a multiple-defendant action is deemed to be a separate party, and each such party has an independent right to one substitution of judge under section 2—1001(a)(2) of the Civil Code. *Boatman v. A.P. Green Refractories Co.*, 223 Ill. App. 3d 121, 124, 584 N.E.2d 1066, 1068 (1991); *Beahringer v. Hardee's Food Systems, Inc.*, 282 Ill. App. 3d 600, 601, 668 N.E.2d 614, 615 (1996).

In this case, defendant attempts to distinguish multiple plaintiffs from multiple defendants for purposes of applying section 2—1001(a)(2) of the Civil Code. We are not persuaded. The statute refers to "each party" without differentiating between plaintiffs and defendants, and the statute is silent with respect to situations involving multiple plaintiffs and multiple defendants. See 735 ILCS 5/2—1001(a)(2)(i) (West 2002). Because the statute does not define the word "party," it must be given its plain and ordinary meaning. The word "party" is defined as "[o]ne by or against whom a lawsuit is brought." Black's Law Dictionary 1154 (8th ed. 2004). Each of the 17 plaintiffs in this case is bringing a lawsuit against the city and, according to the plain and ordinary meaning of the word "party," each plaintiff should be entitled to file a motion for substitution of judge under section 2—1001(a)(2) of the Civil Code.

Both *Boatman* and *Beahringer* lend support to our holding that section 2—1001(a)(2) of the Civil Code applies to each plaintiff in this case. Although these cases only discuss multiple defendants, they do not rule out the application of section 2—1001(a)(2) to situations involving multiple plaintiffs. See *Boatman*, 223 Ill. App. 3d 121, 584 N.E.2d 1066; *Beahringer*, 282 Ill. App. 3d 600, 668 N.E.2d 614.

The trial court's misinterpretation of the statute regarding its treatment of multiple parties is further shown by consideration of section 114—5(b) of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/114—5(b) (West 2002)). This section, which has existed since the enactment of Illinois's modern code of criminal procedure in 1963, addresses the issue of multiple defendants in a criminal case regarding motions for substitution of judge as a matter of right and states as follows:

"Within 24 hours after a motion is made for substitution of judge in a cause with multiple defendants[,] each defendant shall have the right to move in accordance with subsection (a) of this [s]ection for a substitution of one judge. The total number of judges named as prejudiced by all defendants shall not exceed the total number of defendants. The first motion for substitution of judge in a cause with multiple defendants shall be made within 10 days after the

cause has been placed on the trial call of a judge." 725 ILCS 5/114—5(b) (West 2002).

The references to multiple defendants and the implementation of a time limit in which a defendant may file a substitution-of-judge motion demonstrate the legislature's ability to restrict motions for substitution of judge as a matter of right in cases involving multiple parties when the legislature wishes to do so. The city here is effectively arguing that we should construe section 2—1001(a)(2) of the Civil Code as if it read along the lines of section 114—5(b) of the Criminal Code. We decline to do so. Construing the statute as defendant suggests would amount to judicial legislating. We further note that the legislature has revised section 2—1001 of the Civil Code three times in the last 20 years, and despite this legislative attention, the General Assembly has not opted to add the multiple-party provision it placed in section 114—5(b) of the Criminal Code 40 years ago.

■ We thus hold that under section 2—1001(a)(2) of the Civil Code (735 ILCS 5/2—1001(a)(2) (West 2002)), each plaintiff in a multiple-plaintiff civil case is entitled to one motion for substitution of judge as of right. Accordingly, we conclude that the trial court erred by denying Zimmer's motion to substitute judge.

In so concluding, we note that the city makes policy-related arguments in support of its contention that section 2—1001(a)(2) of the Civil Code should be interpreted as distinguishing between multiple plaintiffs and multiple defendants. In particular, the city asserts the following: (1) if plaintiffs in a multiple-plaintiff civil case have the right under section 2—1001(a)(2) to file multiple motions to substitute judge without alleging grounds, the potential exists that defendants will be denied their right to obtain prompt justice, as guaranteed by article I, section 12, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 12), and (2) fundamental differences exist between plaintiffs and defendants in civil cases. Whatever merit the city's assertions may have, our duty is to apply statutes as they are written. The city should address its proposed change in the law to the institution in this state charged with making public policy—the General Assembly.

### III. STANDING OF COPLAINTIFFS

■ Because we agree with Zimmer that the trial court erred by denying his motion for substitution of judge, all of the trial court's subsequent orders are null and void *as to Zimmer*. The other 16 plaintiffs, citing the null-and-void rule as discussed in *Advanta*, 333 Ill. App. 3d at 932, 776 N.E.2d at 260, assert that they are entitled to the same benefit of this rule as Zimmer—that is, that all of the trial

court's orders entered after the court erroneously denied Zimmer's motion for substitution of judge are null and void *as to them*. They are mistaken.

The other 16 plaintiffs have no standing to raise this claim because the trial court's erroneous ruling did not affect them. Indeed, Elder, one of the other 16 plaintiffs, filed a motion for automatic substitution of judge before Zimmer, and Elder's motion was granted. Under these circumstances, a ruling reversing the trial court's dismissal of Elder's complaint *on the sole ground* that the court erroneously denied Zimmer's motion for substitution of judge simply makes no sense.

Further, we note that the theory underlying this claim of the other 16 plaintiffs—namely, that the trial court's erroneous ruling adversely affecting Zimmer should be viewed as similarly adversely affecting each of his 16 coplaintiffs—runs counter to those plaintiffs' fundamental argument with which we began this case, asserting that each of the 17 plaintiffs in this case is a separate party who may separately assert rights statutorily afforded to parties in a civil case and who is entitled to be treated separately from his or her coplaintiffs.

## IV. CONCLUSION

For the reasons stated, we affirm the trial court's judgment dismissing the complaints of each of the plaintiffs except for Zimmer, and we reverse the trial court's judgment as to Zimmer and remand for further proceedings consistent with the views expressed herein.

Affirmed in part and reversed in part; cause remanded with directions.

JUSTICE APPLETON, specially concurring in part and dissenting in part:

I agree with that part of the majority opinion that holds the other 16 plaintiffs have no standing to complain of any error in the denial of the motion for substitution. However, the reasons for my agreement cause me to dissent from that portion of the opinion which reverses the order on the motion for substitution as to plaintiff Zimmer.

When this cause was filed, it was filed with the payment of one filing fee. Only one fee was charged because the plaintiffs—no matter how many individuals—are one party. By filing one complaint, plaintiffs chose to yoke themselves together as one party. As the Civil Code provides:

> "All persons may join in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally[,]

or in the alternative, whenever if those persons had brought separate actions any common question of law or fact would arise. If upon the application of any party it shall appear that joinder may embarrass or delay the trial of the action, the court may order separate trials or enter any other order that may be expedient. Judgment may be entered for any one or more of the plaintiffs who may be found to be entitled to relief, for the relief to which he or she or they may be entitled." 735 ILCS 5/2—404 (West 2002).

Viewing joined plaintiffs as one party, giving rise to the interpretation that such "one party" is entitled to only one substitution of judge without cause, is supported by the approach used by our supreme court under the old statute regarding peremptory challenges. Peremptory challenges, like substitution of judges, are not creatures of the common law but of statute. *Curtis v. Gedman*, 338 Ill. App. 463, 472, 87 N.E.2d 865, 869 (1949).

Prior to the enactment of section 2—1106 of the Civil Code (735 ILCS 5/2—1106 (West 2002)), allowing for peremptory challenges in excess of the maximum for multiple joined parties, the court interpreted the award of peremptory challenges as a number of challenges allowed to each side of a case no matter the number of plaintiffs or defendants occupying a particular side. See *North American Restaurant & Oyster House v. McElligott*, 227 Ill. 317, 320, 81 N.E. 388, 389 (1907); *Schmidt v. Chicago & Northwestern Ry. Co.*, 83 Ill. 405, 407-08 (1876).

Absent an expression by the legislature of an intent to the contrary, I believe the statute allowing an automatic or no-fault substitution of judge as a matter of right applies to each side, no matter how populous the side may be. To hold otherwise would allow havoc to be wreaked upon the administration of justice. On a case of public interest such as this where delay of the resolution may create a very real injury to the public and the effective administration of government, the majority's ruling presents an open invitation to mischief. There are approximately 1,000 trial judges in the State of Illinois. If a committed plaintiff attracted 1,001 fellow litigants and each was entitled to a change of judge, the administration of justice would become an endless game of roulette where the wheel forever spins with no winner established.

JUSTICE MYERSCOUGH, concurring in part and dissenting in part:

I agree with the part of the majority opinion which holds that under section 2—1001(a)(2)(i) of the Civil Code (735 ILCS 5/2—1001(a)(2)(i) (West 2002)), each plaintiff in a multiple-plaintiff civil

case is entitled to one motion for substitution of judge as of right. Contrary to the argument made by Justice Appleton, the payment of one filing fee is not made because "the plaintiffs—no matter how many individuals—are one party." 355 Ill. App. 3d at 503 (Appleton, J., specially concurring in part and dissenting in part). Instead, the statutes pertaining to filing fees either base the fee on the nature of the action itself or recognize that each individual plaintiff in a lawsuit is a "party" and exempt payment by more than one party. For example, the fees of the clerk of the circuit court are based on the population of the county in which the action is filed and on the nature of the action. See 705 ILCS 105/27.1, 27.1a, 27.2, 27.2a (West 2002). Further, numerous statutes require the payment of a fee by "each party" upon filing with the exception that "no additional fee shall be required if more than one party is represented in a single pleading, paper[,] or other appearance." 55 ILCS 5/5—1103 (West 2002) (court-security fee); 705 ILCS 105/27.3a (court-automation fee), 27.3c (document-storage fee) (West 2002). Clearly, joined plaintiffs are not viewed as one party, and therefore each party is entitled to one substitution of judge without cause under the plain language of section 2—1001(a)(2)(i) (735 ILCS 5/2—1001(a)(2)(i) (West 2002)).

Such interpretation will not wreak havoc on the administration of justice. Justice Appleton points to the situation where 1,001 litigants would be entitled to a change of judge. 355 Ill. App. 3d at 504 (Appleton, J., specially concurring in part and dissenting in part). However, the class action statutes (735 ILCS 5/2—801 through 2—806 (West 2002)) provide the means for a party to sue as a representative of a class where, among other requirements, the "class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2—801(1) (West 2002). In such cases, only the named representative(s) would be considered a "party" entitled to a substitution of judge as a matter of right.

I dissent, however, from the majority's holding affirming the dismissal of the complaints of each of the remaining 16 plaintiffs. The majority argues that the trial court's orders entered after the improper denial of Zimmer's motion for substitution of judge are null and void only as to Zimmer and not the remaining 16 plaintiffs. I disagree.

Once a proper motion for substitution of judge is brought, any and all orders entered after the motion for substitution should have been granted are a nullity. *In re Dominique F.*, 145 Ill. 2d 311, 324, 583 N.E.2d 555, 561 (1991); *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 351-52, 722 N.E.2d 326, 330 (1999) (granting a new trial after the judge improperly denied the plaintiff's motion for substitution of judge); see also, *e.g.*, *In re Petition of C.M.A.*, 306 Ill. App. 3d 1061,

1067, 715 N.E.2d 674, 679 (1999) (holding that "once a motion for substitution of judge for cause is brought, the judge loses all power and authority over the case"). As such, any orders entered after the improper denial of Zimmer's motion for substitution of judge were null and void. The majority's result leads to a separation of Zimmer's case from that of his coplaintiffs, contrary to the wishes of the plaintiffs who brought suit together and which does not further the administration of justice.