Sixth Division
September 10, 2010

Nos.   1-08-2513)
       1-08-2554)

| | |
|---|---|
| TRACEY POWELL, Individually and as Special Administrator of the Estate of Adam McDonald, Deceased, GEORGE KAKIDAS, Individually and as Special Administrator of the Estate of Diana Kakidas, Deceased, and ALEXANDER CHAKONAS, as Special Administrator of the Estate of Christina Chakonas, Deceased, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| | ) | 03 L 15077 |
| Plaintiffs-Appellees, | ) | 03 L 16261 |
| | ) | |
| v. | ) | |
| | ) | |
| DEAN FOODS COMPANY, ALCO OF WISCONSIN, INC., ALDER GROUP, INC., and JAIME L. REEVES, | ) ) | Honorable |
| | ) | Patricia Banks, |
| Defendants-Appellants. | ) | Judge Presiding |

JUSTICE McBRIDE delivered the opinion of the court:

In July 2002, Adam McDonald, Diana Kakidas and Christina Chakonas were killed when a tractor-trailer driven by Jaime L. Reeves struck their vehicle in an intersection near Wanatah, Indiana.  Plaintiffs, Tracey Powell, individually and as special administrator of the estate of Adam McDonald, deceased; George Kakidas, individually and as special administrator of the estate of Diana Kakidas, deceased; and Alexander Chakonas, as special administrator of the estate of Christina Chakonas, deceased, filed wrongful death actions against defendants Reeves; Dean Foods Company (Dean Foods), the owner of the trailer; Alco of Wisconsin, Inc. (Alco Wisconsin), Reeves' employer; and Alder Group, Inc. (Alder Group), owner of the tractor. Following a trial, the jury returned a verdict in favor of plaintiffs, finding defendants jointly and severally liable, and awarded $8 million to the McDonald estate, $8 million to the Kakidas estate,

1-08-2513)
1-08-2554)

and $7 million to the Chakonas estate. In a special interrogatory, the jury also found that Christina Chakonas was 40% contributorily negligent in causing the collision and reduced the award to the Chakonas estate accordingly to $4.2 million.

All defendants appeal. While defendants have raised multiple issues on appeal, our review turns on the consideration of one issue: whether the trial court erred in denying Alder Group's motion for a substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2) (West 2006)).

We recite only those facts necessary for our disposition of this appeal.

On July 6, 2002, Adam McDonald and Diana Kakidas were passengers in a 2002 Pontiac Grand Am automobile driven by Christina Chakonas. All three occupants of the Chakonas vehicle were killed when a Dean Foods tractor-trailer driven by defendant Jaime L. Reeves collided with the Chakonas vehicle. The tractor-trailer collided with the Chakonas vehicle as the Chakonas vehicle crossed the eastbound lanes of traffic on Route 30, in the process of turning left into the westbound lanes of Route 30, at the intersection of Route 30 and Lincoln Street in Wanatah, Indiana.

Two actions were filed in the circuit court of Cook County as a result of the fatal collision. In December 2003, plaintiff Chakonas filed his original complaint in the law division of the circuit court of Cook County. That complaint, assigned case No. 03 L 15077 named Reeves; Alco, Inc.; Alco of Wisconsin, Inc., d/b/a/ Robert Alder & Sons; and Dean Foods as defendants. In July 2004, plaintiff Chakonas filed an amended complaint, naming Reeves; Alco, Inc.; Alco Wisconsin; Dean Foods; and Dean Illinois Dairies, LLC (Dean Illinois), as defendants.

-2-

1-08-2513)
1-08-2554)

Also in December 2003, plaintiffs Powell and Kakidas filed their original complaint, assigned case No. 03 L 16261, naming only Reeves and Dean Foods as defendants. In July 2004, plaintiffs Powell and Kakidas filed an amended complaint, naming Reeves; Alco, Inc.; Alder Group; and Dean Illinois Dairies, LLC, as defendants. In August 2004, plaintiff Chakonas filed a motion to consolidate, seeking to consolidate the Chakonas and Powell/Kakidas actions, which the trial court granted in September 2004, and case No. 03 L 16261 was consolidated into case No. 03 L 15077.

In August 2007, after discovery was completed, an order was entered setting the consolidated case for trial on October 11, 2007. At the time the case was set for trial, the caption of the consolidated cases named the following as defendants: Reeves, Alco, Inc., Alco Wisconsin, Dean Foods, Dean Illinois and Alder Group

On October 11, 2007, the following defendants individually exercised their right to substitute judge as a matter of right pursuant to section 2-1001(a)(2) of the Code: Dean Illinois, Alco Wisconsin, Dean Foods and Alco, Inc. On October 12, 2007, plaintiffs filed a combined motion seeking reconsideration of Judge Banks' order granting "Alco, Inc.'s" motion for substitution of judge. The trial court conducted a hearing on the motion the same day.

Plaintiffs moved to vacate the order granting "Alco, Inc.'s" motion for substitution of judge as a matter of right, arguing that "Alco of Wisconsin, Inc.," and "Alco, Inc.," were alternative names for the same party, and Alco Wisconsin had already exercised its right to substitute judge as a matter of right pursuant to section 2-1001(a)(2) of the Code. Counsel for Alco Wisconsin, who also represented Reeves and Alder Group, conceded at the hearing on

plaintiffs' motion to reconsider that "Alco, Inc.," and "Alco of Wisconsin, Inc.," were alternative names for the same party. Counsel also agreed that the October 11, 2007, order granting the motion to take a substitution of judge as a matter of right from Judge Banks should be vacated. At the same time, said counsel presented a written motion for substitution of judge as a matter of right on behalf of Alder Group to the trial court.

The following discussion took place at that hearing:

"MR. MULDOON [Chakonas attorney]: In both our initial complaint and amended complaint, we named as defendant a corporation called Alco, Inc. We also named a defendant by the name of Alco of Wisconsin. Okay. As it turns out, Your Honor, Alco, Inc., is a former name of Alco of Wisconsin, Inc. They had a name change back in 1989.

* * *

MR. O'NEILL [Alco Wisconsin, Reeves and Alder Group attorney]: Judge, Mr. Muldoon is right. Alco, Inc. was sued, and they filed an appearance. In an amended complaint they were dropped as a party. And, therefore, when I presented the motion yesterday, it was an inadvertence on my part. And what I would respectfully ask is that your order be rescinded or whatever you have to do; but I would present a motion now on behalf of Alder Group, Inc., for substitution of judge, and we move on from there.

THE COURT: I was wondering whether you had another one.

MR. HEALY: Your Honor, I think it probably should be done in series. The Court ruled on our motion to reconsider, and then it raises some other issues then.

THE COURT: I'm going to grant [the] motion to reconsider.

MR. HEALY: Thank you.

THE COURT: Counsel has conceded that Alco, Inc., and Alco of Wisconsin are one and the same. So, therefore, he's not entitled to a substitution of right for Alco of Wisconsin."

After the trial court granted the motion to reconsider, plaintiffs argued that this order constituted a ruling on a "substantial issue in the case" within the meaning of section 2-1001(a)(2) of the Code, and therefore, Alder Group had no right to seek a substitution of judge as a matter of right under the statute. Counsel for Alder Group contended that the trial court's granting of plaintiffs' motion to reconsider did not constitute a "substantial ruling."

The trial court ordered briefing from the parties and held a hearing on the issue that afternoon. After hearing argument from the parties, the trial court denied Alder Group's motion for substitution of judge as a matter of right based upon "the fact that the Court is of the opinion that it did make a substantial ruling on a substantial issue."

As noted, the consolidated cases proceeded to trial, and the jury returned a verdict in

favor of plaintiffs and against defendants, finding Reeves negligent in causing the fatal July 6, 2002, motor vehicle collision and Dean Foods, Alco Wisconsin, and Alder Group vicariously liable for Reeves' negligence. The jury found defendant jointly and severally liable, and awarded $8 million to the McDonald estate, $8 million to the Kakidas estate, and $7 million to the Chakonas estate. The jury then reduced the award to the Chakonas estate to $4.2 million after determining that Christina Chakonas was 40% contributorily negligent in causing the fatal collision.

Judgment was entered on the verdict, and all of defendants' posttrial motions were denied; however, the trial court reduced the judgments in favor of the McDonald estate and the Kakidas estate by $550,000, as a setoff of money which they had received in settlement from the Chakonas estate. Specifically, the trial court denied defendants' motions for a new trial in part based upon the trial court's denial of Alder Group's October 12, 2007, motion for substitution of judge as a matter of right and offered several reasons for that denial. In particular, the trial court determined that it properly denied Alder Group's motion for substitution of judge because: (1) Alder Group had enjoyed an opportunity to "test the waters" and form an opinion as to the trial court's disposition to the merits of plaintiffs' claims; (2) Alder Group waived its right to a substitution of judge as a matter of right because it did not seek reconsideration of the trial court's order denying its motion for substitution; (3) Alder Group waived its right to a substitution of judge as a matter of right because it did not subsequently seek a substitution of judge for cause pursuant to section 2-1001(a)(3) of the Code (735 ILCS 5/2-1001(a)(3) (West 2006)); (4) the denial of Alder Group's motion was not "overly prejudicial"; and (5) the evidence

at trial demonstrated that Alder Group and Alco Wisconsin were related corporations and "should have been treated as one party for the purposes of their substitution of judge motion."

On appeal, defendants argue that the trial court erred by denying Alder Group's motion for substitution of judge as a matter of right, thereby voiding all subsequent orders entered in this case.

Motions for substitution of judge as a matter of right are governed by section 2-1001 of the Code, which states in pertinent part:

"(a) A substitution of judge in any civil action may be had in the following situations:

\* \* \*

(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it

is presented by consent of the parties."  735 ILCS

5/2-1001(a)(2) (West 2006).

We review a ruling on a motion to substitute judge *de novo*, and such review " 'should lean toward favoring rather than defeating a substitution of judge.' "  *In re Austin D.*, 358 Ill. App. 3d 794, 799 (2005), citing *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 350 (1999).  The trial court has no discretion to deny a proper motion for substitution of judge.  *In re Austin D.*, 358 Ill. App. 3d at 799.  "[A]ny and all orders entered after the improper denial of a motion to substitute judge are null and void."  *In re Austin D.*, 358 Ill. App. 3d at 799, citing *In re Dominique F.*, 145 Ill. 2d 311, 324 (1991), and *Rodisch*, 309 Ill. App. 3d at 351-52.  See also *Chicago Transparent Products, Inc. v. American National Bank & Trust Co. of Chicago*, 337 Ill. App. 3d 931, 945 (2002).

" 'The substitution of judge as a matter of right is absolute where the motion requesting the substitution is filed before the judge presiding in the case has made a substantial ruling.' "  *Scroggins v. Scroggins*, 327 Ill. App. 3d 333, 336 (2002), quoting *Alcantar v. Peoples Gas Light & Coke Co.*, 288 Ill. App. 3d 644, 648 (1997).  "However, to prohibit litigants from 'judge shopping' and seeking a substitution only after they have formed an opinion that the judge may be unfavorably disposed toward the merits of their case, a motion for substitution of judge as [a matter] of right must be filed at the earliest practical moment before commencement of trial or hearing and before the trial judge considering the motion rules upon a substantial issue in the case."  *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 245-46 (2006).  A substantial issue "is one that directly relates to the merits of the case."  *In re Austin D.*, 358 Ill. App. 3d at 800, citing

*Rodisch*, 309 Ill. App. 3d at 350-51. "In addition, [Illinois] courts have determined that even if the trial court did not rule on a substantial issue, a motion for substitution of judge as [a matter] of right may still be denied if, before filing the motion, the moving party had an opportunity to test the waters and form an opinion as to the court's disposition toward his claim." *Hoellen*, 367 Ill. App. 3d at 246.

Here, we must consider whether the trial court's grant of a motion to reconsider a substitution of judge as of right constitutes a "substantial issue" so as to preclude Alder Group's motion for a substitution of judge as a matter of right. Further, if Alder Group was entitled to a substitution of judge, then we need to determine the effect of that error on the remaining defendants.

After granting Alco, Inc.'s substitution of judge motion on October 11, 2007, the only ruling made by the trial court was to grant plaintiffs' motion to reconsider the substitution of judge as a matter of right for Alco Inc. At the hearing on plaintiffs' motion, counsel for Alco Wisconsin, Reeves and Alder Group admitted the error and conceded that the substitution should be vacated. During the hearing, counsel presented a motion for substitution of judge as a matter of right on behalf of Alder Group. Moments later, the trial court granted the motion to reconsider. Later that afternoon, the court heard arguments on Alder Group's motion for substitution of judge as a matter of right before concluding that it had ruled on a substantial issue and denying Alder Group's motion.

Defendants' primary argument on this issue is that the trial court's order granting the motion to reconsider on the substitution of judge did not constitute a substantial ruling within the

meaning of section 2-1001(a)(2).   Plaintiffs respond that trial court properly denied Alder Group's motion for substitution of judge as a matter of right because the trial court's order granting the motion to reconsider constituted a ruling on a "substantial issue in the case."

For the reasons that follow, we find the trial court's granting of plaintiffs' motion to reconsider did not constitute a "substantial issue" because the ruling was procedural and did not directly relate to the merits of the case.  See *In re Austin D.*, 358 Ill. App. 3d at 800.  The trial court's ruling on plaintiffs' motion to reconsider did not constitute a ruling on a "substantial issue" because it did not involve a matter pertaining to the merits of the case, *i.e.* negligence in a wrongful death action.  It concerned a procedural matter, whether Alco Wisconsin and Alco, Inc., were the same entity and, thus, only entitled to one motion for substitution of judge as a matter of right.  No evidence was presented and the court's ruling did not involve any determination of negligence or rights of the parties.  Further, this motion was unchallenged by defendants.  Counsel for Alco Wisconsin, Reeves and Alder Group conceded that plaintiffs' motion to reconsider should be granted and admitted that Alco, Inc., was a former name for Alco Wisconsin.  Thus, the trial court was not called upon to determine a contested issue.  Under these circumstances, the trial court erred in denying Alder Group's motion for substitution of judge as a matter of right pursuant to section 2-1001(a)(2).

We point out that none of the parties cites nor has our research revealed a case that considered whether a motion to reconsider a substitution of judge is a ruling on a substantial issue. However, we find support for our conclusion in our review of decisions that considered whether certain rulings concerned a substantial issue.  In *Nasrallah v. Davilla*, 326 Ill. App. 3d 1036, 1039-

40 (2001), the reviewing court held that the trial court's rulings on an evidence deposition fee and an extension of time to answer interrogatories were not substantial rulings so as to preclude a party's motion for substitution of judge as a matter of right. The court in *Rodisch* noted that rulings on a substantial issue were found in cases involving a motion to dismiss, pretrial rulings of law and discussions with the movant in which the trial court indicated a position on at least one issue. *Rodisch*, 309 Ill. App. 3d at 351, citing *City of Peoria v. Peoria Rental, Inc.*, 61 Ill. App. 3d 1 (1978), *In re Estate of Roselli*, 70 Ill. App. 3d 116 (1979), and *Paschen Contractors, Inc. v. Illinois State Toll Highway Authority*, 225 Ill. App. 3d 930 (1992). The *Rodisch* court also discussed instances in which reviewing courts have declined to find a ruling on a substantial issue occurred when the trial court held a pretrial conference and the record demonstrated that no rulings went to the merits of the case. *Rodisch*, 309 Ill. App. 3d at 351, citing *Becker v. R.E. Cooper Corp.*, 193 Ill. App. 3d 459 (1990), and *Frede v. McDaniels*, 37 Ill. App. 3d 1053 (1976).

Plaintiffs cite *In re Marriage of Roach*, 245 Ill. App. 3d 742 (1993), as presenting a procedurally similar situation to that present in this case. In *Roach*, the trial court was asked to enforce and modify the maintenance in a Connecticut dissolution of marriage. The parties stipulated to the modifications and the trial court entered an order modifying the dissolution. The movant then failed to comply with the terms of the modified order and the trial court issued a rule to show cause why the movant should not be held in contempt of court. Two years after the stipulated modification was entered, the movant sought a substitution of judge as of right. The reviewing court held that the stipulated modification order was a substantive ruling on the case. *Roach*, 245 Ill. App. 3d at 747. Here, plaintiffs assert that this is analogous to the instant case

-11-

because it also involved a stipulation, but they fail to look at the substance of the stipulation. In the present case, the parties agreed that Alco, Inc., was a former name of Alco Wisconsin and a substitution of judge on Alco, Inc.'s behalf was error. This did not involve any issue on the merits of the case and the trial court made no finding, stipulated or otherwise, on the ultimate claims of negligence. In contrast, the court in *Roach* entered an order on the merits of the case, the modification of maintenance in a dissolution of marriage. Instead of supporting plaintiffs' position, *Roach* further demonstrates what type of ruling involves a substantial issue on the merits.

Moreover, Alder Group had no opportunity to "test the waters" and form an opinion as to the trial court's disposition toward the merits of plaintiffs' claims. In *Levaccare v. Levaccare*, 376 Ill. App. 3d 503 (2007), a sister filed suit against her brother alleging that the brother had diverted to himself, his wife, and his children, millions of dollars that her mother intended to give to her. After failed settlement negotiations, in which the trial court was intimately involved, the brother moved for a substitution of judge as a matter of right. *Levaccare v. Levaccare*, 376 Ill. App. 3d 503, 508 (2007). Though the parties agreed that the trial court had ruled on a "substantial issue" prior to the brother's motion for substitution, the reviewing court further noted that the brother had ample opportunity to "test the waters" and form an opinion as to the court's disposition toward his position, especially since the trial court was so intimately involved in the parties' settlement negotiations. *Levaccare*, 376 Ill. App. 3d at 508. In contrast to *Levaccare*, here the record shows that the trial court had not yet made any rulings with regard to the merits of this case, and the record is devoid of any expression by the trial court as to its opinion of the merits of plaintiffs' claims.

Plaintiffs also contend that the trial court's denial was correct because the evidence at trial

demonstrated that Alder Group and Alco Wisconsin are the same entity and therefore were properly treated as the same "party" for purposes of section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2006)).  Thus, Alder Group could not seek a substitution of judge as a matter of right because Alco Wisconsin had already exercised its right to a substitution of judge as a matter of right.  Plaintiffs point to the trial testimony of Reeves and Dean Ayen, a manager of both Alco Wisconsin and Alder Group, in support of this argument.  Ayen described Alco Wisconsin and Alder Group as "different corporations, but the same company."  Ayen also testified that he was an employee of both Alco Wisconsin and Alder Group.  Further, Reeves testified that he worked for Alco Wisconsin, "a part" of Alder Group

We agree that the record reveals Alder Group and Alco Wisconsin are related entities and that the two corporations have the same owners and officers.  We also note that the two corporations were represented by the same counsel at trial, and the two corporations share the same insurance policies.  However, none of  the evidence showing that Alco Wisconsin and Alder Group were related was presented to the trial court before it ruled on Alder Group's motion for substitution of judge as a matter of right.

Despite the aforementioned similarities, the record also shows that Alco Wisconsin and Alder Group are two different corporations incorporated in different states.  Alder Group is a Wisconsin corporation, incorporated under the laws of that state in 1994, while Alco Wisconsin is an Illinois corporation, incorporated under the laws of Illinois in 1999.  Under Illinois law, a corporation is deemed a distinct legal entity, separate from other corporations with which it may be affiliated. *Forsythe v. Clark USA, Inc.*, 361 Ill. App. 3d 642, 646 (2005), citing *Daley v. American*

*Drug Stores, Inc.*, 294 Ill. App. 3d 1024, 1027 (1998). The testimony of Reeves and Ayen does not alter the fact that Alco Wisconsin and Alder Group were incorporated separately in different states and are two different corporate entities.

Further, the cases relied on by plaintiffs did not involve a determination of whether two individually named corporations were each entitled to move for a substitution of judge as a matter of right under section 2-1001(a)(2). Rather, those cases involved questions of whether a parent company can be held liable when it directs or controls the actions of a subsidiary (*Forsythev. Clark USA, Inc.*, 224 Ill. 2d 274, 290 (2007)), whether Illinois courts have personal jurisdiction over the foreign parent corporation because jurisdiction exists over the local subsidiary (*Palen v. Daewoo Motor Co.*, 358 Ill. App. 3d 649, 660-61 (2005)), and whether there existed such unity of interest and ownership that the separate personalities of the corporation and the individual ceased to exist in order to pierce the corporate veil (*Washington Courte Condominium Ass'n-Four v. Washington-Golf Corp.*, 267 Ill. App. 3d 790, 816-17 (1994)). None of these cases are dispositive on the issue before us.

Section 2-1001(a)(2)(i) of the Code refers to "each party." 735 ILCS 5/2-1001(a)(2)(i) (West 2006). Our statute does not define the word "party"; however, it must be given its plain and ordinary meaning. The word "party" is defined as "one by or against whom a lawsuit is brought." Black's Law Dictionary 1154 (8th ed. 2004). The instant lawsuit was brought against both Alder Group and Alco Wisconsin individually and the verdict was entered against both individually, and each was entitled to a substitution of judge as a matter of right under section 2-1001(a)(2) of the Code.

1-08-2513)
1-08-2554)

Plaintiffs finally assert that the defendants other than Alder Group lack standing to argue that the trial court erred by denying Alder Group's motion for substitution of judge as a matter of right. In support of this contention, plaintiffs cite to *Aussieker v. City of Bloomington*, 355 Ill. App. 3d 498 (2005). In *Aussieker*, a divided panel of the Fourth District of the Illinois Appellate Court held that each individual plaintiff in a multiplaintiff civil action is deemed to be a separate party, and each such party is entitled to one motion for substitution of judge as a matter of right. *Aussieker*, 355 Ill. App. 3d at 503. The court also held that the other plaintiffs in the action lacked standing to claim that the trial court erred when denying one plaintiff's motion for substitution. *Aussieker*, 355 Ill. App. 3d at 503. Under the reasoning of the majority in *Aussieker*, the subsequent orders in the case at bar would be null and void as to Alder Group, but would be valid as to Alco Wisconsin, Dean Foods, and Reeves.

Less than six months after *Aussieker* was decided, a unanimous panel of the Fourth District decided *In re Austin D.*, 358 Ill. App. 3d 794 (2005). The *In re Austin D.* court stated that the holding in *Aussieker* is "simply wrong." *In re Austin D.*, 358 Ill. App. 3d at 799. There, the court found that under *Aussieker*'s rule, if a party's motion for substitution should have been granted in a case involving multiple plaintiffs or multiple defendants, the aggrieved party would be entitled to further proceedings before a different trial judge, while the other plaintiffs or defendants, as the case may be, would not. *In re Austin D.*, 358 Ill. App. 3d at 799. The *In re Austin D.* court held that such a result would lead to cases involving the same issues to proceed separately, "increasing the possibility of completely different rulings, despite nearly identical facts, and the wasting of judicial resources." *In re Austin D.*, 358 Ill. App. 3d at 799.

-15-

1-08-2513)
1-08-2554)

We agree with the holding of *In re Austin D.* The facts of this case further illustrate why the improper ruling is applicable to all defendants. For example, if we were to order a new trial as to Alder Group only, a new jury could conclude that Alder Group was not negligent. Such a finding would be at odds with the verdict against the remaining defendants. Illinois case law holds that any and all orders entered after the improper denial of a motion to substitute judge are null and void. *In re Austin D.*, 35 Ill. App. 3d at 799, citing *In re Dominique F.*, 145 Ill. 2d at 324, and *Rodisch*, 309 Ill. App. 3d at 351-52. It only follows that such orders are void as to all parties in the action. *In re Austin D.*, 358 Ill. App. 3d at 799. Consequently, all defendants in the case at bar have standing to challenge the denial of Alder Group's motion for substitution of judge as a matter of right and all subsequent orders following the improper denial of Alder Group's motion for substitution of judge are void as to all parties.

Based upon the foregoing reasons, we hold that the trial court erred by denying Alder Group's motion for substitution of judge as a matter of right. We need not consider any of the other issues raised on appeal. We reverse the order denying the motion for substitution of judge and vacate all subsequent orders. This cause is remanded to the presiding judge of the law division of the circuit court of Cook County for reassignment to another trial judge for a new trial.

Reversed in part and vacated in part; cause remanded.

J. GORDON, concurs.

JUSTICE ROBERT E. GORDON, dissenting:

I disagree with the result reached by the majority and with the precedential underpinnings upon which its conclusions are based. I agree with the majority that the trial court erred by denying

-16-

1-08-2513)
1-08-2554)

the Alder Group's motion for substitution of judge as a matter of right. I agree that we must reverse the order denying the Alder Group's motion for substitution of judge, as well as the order entered for judgment on the jury verdict against the Alder Group. However, I would not vacate all subsequent orders concerning the other defendants. In particular, I would not vacate the order entering judgment on the jury's verdict against them.

The defendants—other than Alder Group—lacked standing to claim that the trial court erred by denying the Alder Group's motion for substitution of judge. My dissent is based on the Fourth District's opinion in *Aussieker v. City of Bloomington*, 355 Ill. App. 3d 498 (2005), authored by Justice Robert Steigmann, which the majority in this case more than adequately explains but does not accept in its analysis. The *Aussieker* case involved 17 plaintiff taxpayers and real estate owners in a multiplaintiff case against a city claiming that the city did not exercise appropriate diligence in soliciting bids for the construction of a municipal arena. *Aussieker*, 355 Ill. App. 3d at 499. When the trial court erroneously denied one plaintiff's motion for substitution of judge, the Fourth District majority opinion ruled that the erroneous ruling did not affect "the other 16 plaintiffs." *Aussieker*, 355 Ill. App. 3d at 503. The majority further concluded that when a trial court erroneously denies one plaintiff's motion for substitution of judge in a multiple plaintiff case, it "simply makes no sense" that the denial should affect the other 16 plaintiffs. *Aussieker*, 355 Ill. App. 3d at 503. The plaintiffs' "fundamental argument" was "that each of the 17 plaintiffs in this case is a separate party who may separately assert rights statutorily afforded to parties in a civil case and who is entitled to be treated separately from his or her coplaintiffs." *Aussieker*, 355 Ill. App. 3d at 503. The same logic should apply to multiple defendants, as we have in the case at bar.

-17-

In *Aussieker*, Justice Sue Myerscough dissented on that issue; and in less than six months after *Aussieker* was decided, she authored a unanimous opinion in the case of *In re Austin D.*, 358 Ill. App. 3d 794 (2005), reaching the opposite result which the majority in the case at bar adopted. The *In re Austin D.* opinion stated that the holding in *Aussieker* was simply "wrong." *In re Austin D.*, 358 Ill. App. 3d at 799. The *In re Austin D.* court found that, under *Aussieker*, if a party's motion for substitution was granted in a case involving multiple plaintiffs or multiple defendants, the aggrieved party would be entitled to further proceedings before a different trial judge, while the other plaintiffs or defendants, as the case may be, would not. *In re Austin D.*, 358 Ill. App. 3d at 799. The *In re Austin D.* court held that such a result would lead to cases involving the same issues to proceed separately, "increasing the possibility of completely different rulings, despite nearly identical facts, and wasting judicial resources." *In re Austin D.*, 358 Ill. App. 3d at 799. I disagree.

A trial court has control of its own docket; and if one party obtains a substitution of judge, a new judge will usually hear the entire case. But most importantly, when a reviewing court remands the case for a new trial for the party who received the improper ruling, the verdict will stand for the parties not affected by the ruling, which will decrease the waste of judicial resources and better the administration of justice.

*Aussieker* stands for the proposition that, if a trial judge improperly denies a party's motion for substitution of judge, the other parties are not affected by that improper ruling and thus, the other parties lack standing to challenge the improper ruling. *Aussieker* also stands for the proposition that any and all orders entered after the improper denial of a motion for substitute judge are *not* null and void as to the other parties in a multiplaintiff or multidefendant action.

-18-

1-08-2513)
1-08-2554)

In *In re Austin D.*, Justice Myerscough wrote for the court, which ruled that "[a]ny and all orders entered after the motion for substitution is improperly denied are null and void." *In re Austin D.*, 358 Ill. App. 3d at 804, citing *In re Dominique F.*, 145 Ill. 2d 311, 324 (1991); see also *In re Austin D*., 358 Ill. App. 3d at 799, citing *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 351-52 (1999). However, *Dominique F.* and *Rodisch* are not cases with multiple parties and are thus distinguishable from the case at bar. This court should reject the Fourth District's holding in *In re Austin D.*, that "[i]t only follows that such orders are void as to all parties in the action." *In re Austin D.*, 358 Ill. App. 3d at 799. Rather, we should adopt the view, taken by the majority in *Aussieker*, that such orders are void only for the party whose motion for substitution was improperly denied. Thus, I would rule that the jury verdict against Dean Foods Company, Alco of Wisconsin, Inc., and James L. Reeves should stand. As a result I must respectfully dissent.