# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *Powell v. Dean Foods Co.*, 2012 IL 111714

---

| | |
|---|---|
| Caption in Supreme Court: | TRACEY POWELL, Indiv. and as Special Adm'r of the Estate of Adam McDonald, Deceased, *et al.*, Appellants, v. DEAN FOODS COMPANY *et al.*, Appellees. |
| Docket Nos. | 111714, 111717 cons. |
| Filed | January 20, 2012 |
| Rehearing denied | March 26, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Only the party moving to substitute a judge as a matter of right has standing, if that motion is erroneously denied, to seek the remedy of having all subsequent orders entered in the case declared null and void. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Patricia Banks, Judge, presiding. |
| Judgment | Appellate court judgment vacated; circuit court judgment reinstated; cause remanded. |

| Counsel on Appeal | Martin J. Healy, Jr., David P. Huber and Dennis M. Lynch, of The Healy Law Firm, J. Timothy Eaton, of Shefsky & Froelich, and William J. Harte and Joan M. Mannix, all of Chicago, and Michael T. Reagan, of Ottawa, for appellants Tracey Powell and George Kakidas. |
|---|---|
| | Michael W. Rathsack, of Chicago (Michael K. Muldoon and John J. Muldoon III, of counsel), for appellant Alexander Chakonas. |
| | James K. Horstman and Ronald L. Wisniewski, of Cray Huber Horstman Heil & Vanausdal LLC, of Chicago, for appellees Alco of Wisconsin *et al.* |
| | Hugh C. Griffin and Stevie A. Starnes, of Hall Prangle & Schoonveld, LLC, of Chicago, for appellee Dean Foods Company. |
| Justices | JUSTICE THOMAS delivered the judgment of the court, with opinion. Justices Freeman, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion. Chief Justice Kilbride took no part in the decision. |

## OPINION

¶ 1 Plaintiffs, Tracey Powell, individually and as special administrator of the estate of Adam McDonald, deceased, George Kakidas, individually and as special administrator of the estate of Diana Kakidas, deceased, and Alexander Chakonas, individually and as special administrator of the estate of Christina Chakonas, deceased, filed wrongful-death actions arising from a car accident where plaintiffs' vehicle was hit by a tractor-trailer driven by defendant Jamie L. Reeves. Plaintiffs filed suit against Reeves, Dean Foods Company, Alco of Wisconsin, Inc., and Alder Group, as well as other defendants not at issue in this appeal. Following trial, a jury in the circuit court of Cook County returned a verdict in favor of each plaintiff, finding defendants jointly and severally liable.

¶ 2 Defendants appealed, arguing, *inter alia*, that the trial court erred in denying Alder Group's motion for substitution of judge as of right pursuant to section 2-1001(a)(2) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1001(a)(2) (West 2006)). The Appellate Court, First District, agreed with defendants that the trial court erred in denying Alder Group's motion for substitution of judge as a matter of right. 405 Ill. App. 3d 354. Accordingly, the appellate court reversed the trial court's order denying Alder Group's motion for substitution, and vacated all orders entered in the case subsequent to the denial

of the motion for substitution. 405 Ill. App. 3d at 364. The appellate court remanded the cause for a new trial before another trial judge. *Id.*

¶ 3       Plaintiffs filed petitions for leave to appeal with this court pursuant to Illinois Supreme Court Rule 315 (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)). This court denied plaintiffs' petitions for leave to appeal. Plaintiffs then filed motions for leave to file motions for reconsideration of the orders denying their petitions for leave to appeal. This court allowed the motions for reconsideration. This court then vacated its orders denying plaintiffs' petitions for leave to appeal, and entered orders allowing the petitions for leave to appeal, which were consolidated.

¶ 4                                    BACKGROUND

¶ 5       The facts relevant to the issues on appeal are as follows. On July 6, 2002, defendant Reeves was driving eastbound on U.S. 30 near Lincoln Street in Wanatah, Indiana. Reeves was employed by defendant Alco of Wisconsin, Inc. The truck tractor that Reeves was driving was owned by defendant Alder Group, Inc., and Reeves was hauling a trailer that was owned by Dean Illinois Dairies, LLC, which was loaded with defendant Dean Foods Company's milk products.

¶ 6       Around 10:25 p.m., Christina Chakonas was driving with Adam McDonald and Diana Kakidas. Christina approached U.S. 30 on Lincoln Street, which was a secondary road with a stop sign for U.S. 30. After stopping, Christina began to turn left attempting to cross Route 30. Reeves struck Christina's vehicle as it crossed the eastbound lanes of U.S. 30. As a result of the accident, Christina, Adam and Diana were killed.

¶ 7       On December 2, 2003, plaintiff Chakonas filed his complaint against Reeves, Alco, Inc., Alco of Wisconsin, Inc., d/b/a Robert Alder & Sons, and Dean Foods Company. In July 2004, Chakonas filed an amended complaint naming Reeves, Alco, Inc., Alco of Wisconsin, Dean Foods Company, and Dean Illinois Dairies, LLC, as defendants.

¶ 8       On December 31, 2003, Powell and Kakidas filed their complaint naming Reeves and Dean Foods Company as defendants. In July 2004, Powell and Kakidas filed an amended complaint naming Dean Illinois Dairies, LLC, Reeves, Alco of Wisconsin, and Alder Group as defendants. In August 2004, Chakonas filed a motion to consolidate his action with that of Powell and Kakidas. That motion was granted and the cases were consolidated.

¶ 9       Plaintiffs alleged that the corporate defendants were vicariously liable for Reeves' negligent driving. Further, plaintiffs alleged that Reeves was speeding, was in excess of his federal hours of service requirements, and did not brake until four seconds after the collision.

¶ 10      Following discovery, the case was set for trial on October 11, 2007. The defendants were all represented by one law firm. At the time of trial, the following defendants had been named in one or both of plaintiffs' complaints: Reeves; Alco, Inc.; Alco of Wisconsin, Inc.; Alder Group, Inc.; Dean Foods Company; and Dean Illinois Dairies, LLC. On October 11, 2007, four defendants moved *ex parte* for a change of judge as of right pursuant to section 2-1001(a)(2)(i) of the Code. Defendant Dean Illinois Dairies, LLC, took a change of judge

as of right from Judge William J. Haddad.[1] Defendant Alco of Wisconsin took a change as of right from Judge Susan Zwick. Defendant Dean Foods Company took a change as of right from Judge James M. Varga, and defendant Alco, Inc., took a change as of right from Judge Patricia Banks.

¶ 11    When plaintiffs learned of Alco, Inc.'s motion for substitution as of right from Judge Banks, plaintiffs filed a motion with the assignment judge to send the case back to Judge Banks to reconsider Alco, Inc.'s motion. After the case was sent back to Judge Banks, plaintiffs filed a motion seeking reconsideration of Judge Banks' order granting Alco, Inc.'s motion for substitution of judge. Plaintiffs alleged that Alco of Wisconsin, Inc., and Alco, Inc., were alternative names for the same entity, and that Alco, Inc., was the former name of Alco of Wisconsin, Inc. Although plaintiff Chakonas had named Alco, Inc., as a defendant, plaintiffs argued that defendants' amended appearance purposely excluded an appearance by Alco, Inc., and in response to plaintiff Chakonas' complaint, defendants referenced Alco of Wisconsin when answering Chakonas' allegations against Alco, Inc. Plaintiffs argued that the same party was using two different names to get two substitutions as of right, when they were only entitled to one substitution as of right.

¶ 12    Defendants agreed with plaintiffs that the motion on behalf of Alco, Inc., had been filed inadvertently. Defense counsel stated, "what I would respectfully ask is that your order be rescinded or whatever you have to do; but I would present a motion now on behalf of Alder Group, Inc., for substitution of judge and we move on from there." Judge Banks then granted plaintiffs' motion to reconsider.

¶ 13    Defendant Alder Group, Inc., then presented its motion for substitution of judge as of right from Judge Banks. Plaintiffs responded that the trial court had ruled on a substantial issue in the case within the meaning of section 2-1001(a)(2)(ii), when it reconsidered and vacated the order granting Alco, Inc.'s motion for substitution of judge, so that Alder Group, Inc., had no right to a substitution of judge. Judge Banks ordered further briefing on the issue. Following briefing, Judge Banks denied Alder Group, Inc.'s motion for substitution of judge on the ground that the court had made a substantial ruling on a substantive issue when it determined Alco, Inc.'s status, and when the court vacated the order of substitution.

¶ 14    The case then proceeded to trial and the jury found in favor of all three plaintiffs and against all defendants. The jury awarded $7 million to the estate of Christina Chakonas, which was reduced to $4.2 million because the jury found that Christina was 40% at fault. The jury also awarded $8 million to the estate of Diana Kakidas and $8 million to the estate of Adam McDonald. The jury answered special interrogatories finding that Christina's contributory negligence was not more than 50% of the combined fault, and that Reeves was an agent of Dean Foods.

¶ 15    Thereafter, the trial court denied defendants' posttrial motions. Relevant to the instant appeal, the trial court reaffirmed its denial of Alder Group's motion for substitution, holding that the denial of the motion was not so overly prejudicial that it deprived defendants of a fair

---

[1]Defendant Dean Illinois Dairies, LLC, was dismissed from the case at the close of all the evidence.

trial.

¶ 16    On appeal, the defendants argued, *inter alia*, that the trial court erred in denying Alder Group's motion for substitution of judge as a matter of right. Defendants further argued that all subsequent orders entered in the case after the trial court erroneously denied the motion for substitution of judge were void.

¶ 17    A majority of the appellate court agreed with defendants. The majority first found that the trial court's order granting the motion to reconsider the substitution of judge did not constitute a "substantial issue" within the meaning of section 2-1001(a)(2)(ii) of the Code. 405 Ill. App. 3d at 360. The majority held that the ruling on the motion to reconsider did not involve a matter pertaining to the merits of the case, but instead concerned a procedural matter. *Id.* Therefore, the trial court erred in denying Alder Group's motion for substitution of judge as a matter of right. *Id.*

¶ 18    The majority next held that all defendants had standing to challenge the denial of Alder Group's motion for substitution of judge as a matter of right. 405 Ill. App. 3d at 364. The majority noted that Illinois case law holds that any and all orders entered after the improper denial of a motion to substitute judge are null and void. *Id.* It followed, then, that such orders are void as to all parties in the action. *Id.* The majority therefore held that "all defendants in the case at bar have standing to challenge the denial of Alder Group's motion for substitution of judge as a matter of right and all subsequent orders following the improper denial of Alder Group's motion for substitution of judge are void as to all parties." *Id.*

¶ 19    In so holding, the appellate court majority rejected the decision in *Aussieker v. City of Bloomington*, 355 Ill. App. 3d 498 (2005). There, a divided panel of the appellate court held that each individual plaintiff in a multiplaintiff civil action was deemed to be a separate party, each entitled to one motion for substitution of judge as a matter of right. *Id.* at 503. *Aussieker* also held that the other plaintiffs in the case lacked standing to claim that the trial court erred in denying another plaintiff's motion for substitution of judge as a matter of right. *Id.*

¶ 20    In rejecting the decision in *Aussieker*, the appellate court majority in the instant case instead agreed with the holding of the court in *In re Austin D.*, 358 Ill. App. 3d 794, 799 (2005), decided less than six months after *Aussieker*, which found that *Aussieker*'s holding was "simply wrong." 405 Ill. App. 3d at 364. The dissenting justice in *Aussieker* wrote the unanimous opinion in *Austin D.* The *Austin D.* court held that any and all orders entered after the improper denial of a motion to substitute judge are null and void as to all parties in the action. *Austin D.*, 358 Ill. App. 3d at 799.

¶ 21    The appellate court majority in this case therefore vacated all orders as to all defendants entered subsequent to the trial court's improper denial of Alder Group's motion to substitute, and remanded the cause to the presiding judge of the law division of the circuit court of Cook County for reassignment to another trial judge for a new trial.

¶ 22    The dissenting justice agreed with the majority that the trial court erred in denying Alder Group's motion for substitution of judge as a matter of right, and that the trial court's order denying Alder Group's motion must be reversed, as well as the order entered for judgment on the jury's verdict against Alder Group. 405 Ill. App. 3d at 364-65 (Gordon, J., dissenting).

However, the dissenting judge would hold that the defendants other than Alder Group lacked standing to claim that the trial court erred by denying Alder Group's motion for substitution of judge. *Id.* at 365.

¶ 23                                                    ANALYSIS

¶ 24        Plaintiffs now appeal the appellate court's decision vacating the jury's verdicts against all defendants and remanding for a new trial. Plaintiffs Powell and Kakidas argue that: (1) the defendants other than Alder Group lack standing to appeal from the denial of Alder Group's motion to substitute; (2) the trial court properly denied Alder Group's motion to substitute because Alco of Wisconsin and Alder Group were the same party, and Alco of Wisconsin had already been granted a substitution; (3) the trial court properly denied Alder Group's motion to substitute because the trial court's ruling on the substitution motion was substantial; and (4) any relief in this case should be prospective only.

¶ 25        Plaintiff Chakonas argues that even if Alder Group's motion was wrongly denied, all subsequent orders were merely voidable and not void. Chakonas also argues that even if the trial court wrongly denied Alder Group's motion for substitution of judge, only Alder Group had standing to contest that ruling on appeal, and the verdicts against the remaining three defendants should be affirmed.

¶ 26                                             Motion to Dismiss

¶ 27        Before we address the merits of plaintiffs' appeal, we first must address plaintiffs' joint motion to dismiss Alder Group with prejudice. Plaintiffs filed their joint motion to dismiss Alder Group with prejudice during the briefing of the case. We ordered the motion taken with the case.

¶ 28        Plaintiffs' joint motion notes that in their briefs to the appellate court, they stated that if the verdict as to the other defendants was affirmed, they would not pursue Alder Group separately on any retrial. Plaintiffs repeated that assertion during oral argument in the appellate court. Plaintiffs Powell and Kakidas state that they again confirmed that they would not seek retrial solely as to Alder Group in their brief to this court. Plaintiffs' joint motion states that, in order to avoid any confusion concerning their intentions, they now were moving to dismiss Alder Group from the case, with prejudice.

¶ 29        In response to plaintiffs' joint motion to dismiss, Alder Group stated that it had no objection to having its potential liability and obligations in this case fully and finally extinguished. Alder Group noted that the trial court had stayed execution of the judgment against it, but had imposed certain obligations on Alder Group in the operation of its business during the pendency of the appeal. Alder Group acknowledged that the appellate court had vacated the judgment entered against it, but stated that it was still potentially liable for the judgment should this court reverse the appellate court. Alder Group asserted that it was not clear from plaintiffs' motion whether plaintiffs intended to fully and finally release Alder Group from the judgments below, from Alder Group's obligations under the stay order, and from all potential liability. Alder Group stated that absent a full and final release, it would object to dismissal. However, if plaintiffs were proposing to dismiss Alder Group from the

case with prejudice and to fully and finally release Alder Group from the trial court judgments entered against it, from Alder Group's obligations under the stay order, and from all potential liability in the case, Alder Group would have no objection to its dismissal on that basis.

¶ 30 The remaining defendants filed a response arguing that this court should deem plaintiffs' motion to be a concession that the trial court committed error when it denied Alder Group's motion for substitution of judge. The remaining defendants also argued that plaintiffs' motion should cause this court to reconsider the granting of plaintiffs' petition for leave to appeal.

¶ 31 At oral argument, this court asked plaintiffs' counsel to clarify whether its dismissal of Alder Group was with prejudice. Plaintiffs' counsel confirmed that the dismissal was with prejudice. Plaintiffs' counsel noted that the judgment against Alder Group had been vacated, and plaintiffs now were dismissing Alder Group with prejudice, therefore Alder Group was released from the judgments entered against it, as well as from all obligations and potential liability. Given plaintiffs' affirmation that its dismissal of Alder Group with prejudice is a total release, along with Alder Group's statement that it would have no objection to a dismissal on that basis, we hereby grant plaintiffs' joint motion to dismiss Alder Group with prejudice.

¶ 32                          Substitution of Judge as of Right

¶ 33 We now turn to the merits of this case. Section 2-1001 of the Code provides, in pertinent part:

"(a) A substitution of judge in any civil action may be had in the following situations:

***

(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties.

(iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of judge as of right by the party." 735 ILCS 5/2-1001(a)(2) (West 2006).

¶ 34 As noted, the appellate court found that all defendants have standing to challenge the trial court's erroneous denial of Alder Group's motion for substitution of judge as of right. We disagree. For the reasons set forth below, we find that the remaining defendants do not have

standing to challenge the trial court's denial of Alder Group's motion for substitution.

¶ 35    The issue of standing presents a question of law that this court reviews *de novo*. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004). The doctrine of standing ensures that issues are raised only by parties having a real interest in the outcome of the controversy. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 419 (2005). Standing is shown by demonstrating some injury to a legally cognizable interest. *Id.*

¶ 36    The essence of the inquiry concerning standing is whether the litigant, either in an individual capacity or in a representative capacity, is entitled to have the court decide the merits of a dispute or a particular issue. *In re Estate of Wellman*, 174 Ill. 2d 335, 345 (1996). The purpose of the standing doctrine is to ensure that courts are deciding actual, specific controversies and are not deciding abstract questions or moot issues. *Estate of Wellman*, 174 Ill. 2d at 344. Thus, as a general rule, a party cannot complain of an error that does not prejudicially affect that party. *Geer v. Kadera*, 173 Ill. 2d 398, 413 (1996). A party must assert its own legal rights and interests, rather than assert a claim for relief based upon the rights of third parties. See *Commercial Credit Loans, Inc. v. Espinoza*, 293 Ill. App. 3d 923, 929 (1997). Moreover, one who has obtained by judgment all that has been asked for in the trial court cannot appeal from the judgment. *Geer*, 173 Ill. 2d at 413-14.

¶ 37    The remaining defendants argue that they have standing to challenge the order denying Alder Group's motion for substitution as of right. Defendants contend that the primary focus in determining standing is whether the party seeking adjudication has a personal stake in the outcome of the controversy. Further, defendants note that even nonparties have standing to urge a trial error on appeal if the nonparty can demonstrate a "direct, immediate and substantial interest in the subject matter, which would be prejudiced by the judgment or benefitted by its reversal," citing *Buntrock v. Terra*, 348 Ill. App. 3d 875 (2004), and *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293 (1995).

¶ 38    Defendants argue that they are each a party to the action and that they each have a personal stake and a direct, immediate and substantial interest in the outcome. Moreover, each defendant clearly has been prejudiced by the liability judgments entered against them after the trial court's erroneous ruling, so that they have standing to challenge the trial court's order denying Alder Group's motion for substitution as of right.

¶ 39    Aside from the general claim that they have been prejudiced by the judgments entered against them, and that they have a personal stake and a direct, immediate and substantial interest in the outcome, defendants fail to demonstrate how they were prejudiced by the trial court's ruling. The fact that the jury entered verdicts against defendants does not establish prejudice. Otherwise, as plaintiffs observe, a losing party could claim nearly any error, against any party, as a basis for reversal without a showing of prejudice.

¶ 40    In fact, Dean Foods Company and Alco of Wisconsin, Inc., each filed a motion for substitution of judge as a matter of right, which the trial court granted. Consequently, those defendants obtained all that was asked for, and everything to which they were entitled, in the trial court. Defendant Reeves did not file a motion for substitution of judge as of right. Therefore, Reeves cannot now complain that he was erroneously denied his right to

substitution of judge.

¶ 41     Reeves argues that he did not file a motion for substitution as of right following the denial of Alder Group's motion because to do so would have been futile, as the trial court already had stated that it had ruled on a substantial matter. Nonetheless, Reeves could have filed a motion for substitution of right in order to preserve the issue for appeal. Or, had Reeves believed Judge Banks was prejudiced and that he could not receive a fair trial before her, Reeves could have filed a petition for substitution of judge for cause pursuant to section 2-1001(a)(3) of the Code (735 ILCS 5/2-1001(a)(3) (West 2006)). Having done neither, Reeves cannot now complain that he was denied a substitution of judge as of right, or that the trial court erred in denying Alder Group's motion. See *Federal Deposit Insurance Corp. v. O'Malley*, 163 Ill. 2d 130, 140 (1994) (defendant forfeited his right to claim there was no effective waiver of trial judge's disqualification, by failing to pursue the matter until an unfavorable judgment was entered against him); *Douglas Theater Corp. v. Gold Standard Enterprises, Inc.*, 188 Ill. App. 3d 573, 580 (1989) (court may not consider relief not requested in the trial court).

¶ 42     It is clear that defendants Dean Foods Company, Alco of Wisconsin, Inc., and Reeves are asserting a claim for relief based upon the rights of Alder Group, rather than asserting their own claims. As plaintiffs point out, in order to show prejudice, defendants would have to show that they had a right to substitution from Judge Banks. As discussed, Alco of Wisconsin and Dean Foods Company did not have such a right, because they already had sought and obtained a substitution of judge from Judge Susan Zwick and Judge James M. Varga, respectively. Reeves cannot claim that he was denied a right to substitution from Judge Banks when he did not seek a substitution of judge, either as of right or for cause. Consequently, defendants do not have standing to challenge the trial court's order denying Alder Group's motion for substitution of judge as of right.

¶ 43     In so holding, we find that the appellate court in *Aussieker* correctly found that the other 16 plaintiffs in that case had no standing to challenge the trial court's order erroneously denying another plaintiff's motion for substitution of judge. *Aussieker*, 355 Ill. App. 3d at 503. *Aussieker* was correct that the trial court's ruling denying one plaintiff's motion for substitution of judge did not affect the remaining plaintiffs, each of whom was a separate party who could separately assert his or her own right to a substitution of judge. *Id.*

¶ 44     In addition, having found that the appellate court in *Aussieker* was correct concerning standing, we overrule the decision in *Austin D.*, 358 Ill. App. 3d 794, which found the decision in *Aussieker* to be "simply wrong."

¶ 45     Defendants also argue that because the express language of section 2-1001(a) provides that the substitution of judge provisions pertain to the moving party's right to a substitution of judge "in any civil action," a timely filed motion for substitution of judge requires that a different judge hear the entire "action." Therefore, the granting of a substitution of judge motion requires that the "entire case" be assigned to a different judge. Defendants apparently are arguing that because the appellate court found that Alder Group's motion for substitution should have been granted, it follows that if Alder Group was entitled to a new trial because of the erroneous denial of its motion, all defendants who were parties to the "entire case" are

entitled to a new trial.

¶ 46    We need not consider whether the "entire case" includes all defendants or just Alder Group, as Alder Group now has been dismissed from the case. Given the dismissal of Alder Group, the case need not be remanded to the trial court for a new trial before a different judge.

¶ 47    Accordingly, because the remaining defendants lack standing to challenge the trial court's order denying Alder Group's motion for substitution of judge as of right, we vacate the appellate court's order, which vacated the judgments against defendants Alco of Wisconsin, Dean Foods Company, and Reeves, and which remanded the cause for a new trial as to those defendants. We reinstate the judgments entered in the trial court in favor of plaintiffs and against Alco of Wisconsin, Dean Foods Company, and Reeves.

¶ 48    We also note that given its disposition of the case, the appellate court did not address the remaining issues raised by defendants on appeal. Accordingly, we remand the cause to the appellate court for consideration and resolution of the remaining issues. *Carter v. SSC Odin Operating Co.*, 237 Ill. 2d 30, 51 (2010).

¶ 49                              CONCLUSION

¶ 50    For all of the foregoing reasons, we vacate the appellate court's decision with regard to defendants Alco of Wisconsin, Dean Foods Company, and Reeves, reinstate the judgment of the trial court concerning those defendants, and remand the cause to the appellate court to address the remaining issues raised by those defendants on appeal.

¶ 51    Appellate court judgment vacated;

¶ 52    circuit court judgment reinstated;

¶ 53    cause remanded.