2025 IL App (1st) 240976-U

SIXTH DIVISION
February 21, 2025

No. 1-24-0976

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ESTATE OF FILIP ROTHEIMER, | ) | |
| | ) | |
| Formerly Under Limited Guardianship, | ) | Appeal from the |
| Now Deceased, | ) | Circuit Court of |
| _____ | ) | Cook County |
| GABRIELLA SMILLIE, | ) | |
| | ) | No. 2012 P 6822 |
| Petitioner-Appellant, | ) | |
| v. | ) | The Honorable |
| | ) | Shauna L. Boliker, |
| FLORENCE CORCORAN, | ) | Judge Presiding. |
| | ) | |
| Respondent-Appellee. | ) | |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The judgment of the circuit court is affirmed. The court properly concluded that the petitioner was not an "interested person" under the Probate Act and thus lacked standing to object in this guardianship dispute.

¶ 2                                    I. BACKGROUND

¶ 3     This case is yet another in a long line of cases surrounding the estate and trust of Filip Rotheimer. During his life, Filip owned and managed several residential and commercial

properties that were held in land trusts under the direction of various limited liability companies. In 1998, Filip formed the Filip Rotheimer Revocable Trust. In 2006, he executed a full will and trust and distributed his assets as follows: 30% to his daughter, Silvia; 30% to his daughter, Florence; 20% to his son, Phillip; and 20% to his grandchildren. The respondent, Gabriella Smillie, an attorney who no longer practices law, is Silvia's daughter and Filip's granddaughter. In the 2006 will and trust, Gabriella was named successor executor after Silvia, and successor trustee after Silvia and Florence. In September of 2012, however, Filip executed a new will and a restatement of his trust, where he distributed his assets as follows: 40% to Phillip; 40% to Florence; 10% to Silvia; and 10% to James McGinn. Florence is named as successor trustee. Filip did not leave any assets to Gabriella and she is not mentioned in the documents.

¶ 4    In November of 2012, Silvia filed a guardianship petition for Filip, in which she alleged that he was no longer able to manage his personal and financial affairs. In 2013, the circuit court granted the petition, and appointed MB Financial Bank, N.A. (MB) as the temporary limited guardian of Filip's estate and as successor trustee of the trust.

¶ 5    In 2014, Silvia objected to the first current accounts of Filip's estate and trust prepared by MB, which covered the period from MB's appointment on July 3, 2013, through June 30, 2014. MB amended the first current accounts, but Silvia continued to object. Silvia's daughter, Gabriella Smillie, filed her appearance *pro se* in 2014 and in 2015, she filed a "Joinder to objections to first current accounts of estate and trust."

¶ 6    Filip died on September 13, 2015. He was survived by Silvia, Phillip, and Florence. After Filip's death, MB's role as successor trustee ended, and Florence was appointed successor trustee.

¶ 7    The court approved MB's first current accounts of the trust and estate on March 2, 2016. On July 26, 2016, MB filed an amended second and final accounts for the period of July 1, 2014,

through April 12, 2016. Silvia filed objections. A court order dated December 20, 2017, states that Gabriella "further joins in the objection to the Second and final account of both the estate and trust." After permitting multiple extensions, the court required MB to supplement its amended second and final accounts by March 8, 2023, and to file its third supplement to the final accounts by March 29, 2023. On April 3, 2023, Silvia, who was no longer represented by counsel, filed a *pro se* petition for rule to show cause, alleging that MB had failed to comply with the court's orders regarding the final accounting. Gabriella subsequently filed a *pro se* motion to join Silvia's motion for rule to show cause.

¶ 8      At a hearing on September 21, 2023, when Gabriella said she would "like to start on behalf of the moving parties today," counsel for Florence objected to her "saying anything," arguing that Gabriella "has no standing in this case." He stated, "She is not a party to this case. She's not a beneficiary of the estate, so she has no standing." Florence's counsel noted that "this is the objection of Silvia Vince. This is a motion filed by Silvia Vince who is *pro se*. There's nobody else who can argue it besides Ms. Vince. **** She's the only movant before the court." Silvia agued in response that Gabriella "joined my motion" and "[n]obody objected. She joined by objection in the first accounting, so she had standing there. She joined my objecting on the second accounting, so she had standing there. And that it was never raised, so I object to that. It should have been objected to at the level when she joined my motion." Counsel for Florence reiterated that Gabriella "has no standing at all in this matter. She's not a stakeholder. She's not an interested person under the statute. And she is not a licensed attorney in this state. Filing an appearance alone is not sufficient to give you standing." The court agreed, telling Gabriella, "you do not have standing to argue this motion."

3

¶ 9    On October 20, 2023, Florence filed a motion to bar Gabriella from participating, stating that "[t]he only matter remaining in this case [is] Silvia Vince's objections to the accounting of the estate guardian, [MB]. Gabriella Smillie, daughter of Silvia Vince and granddaughter of Filip Rotheimer, has purported to join in those objections and has argued before the Court in this matter." Florence's counsel argued that Gabriella is "not a beneficiary or a legatee of Filip Rotheimer's will or trust," and that she had not filed a petition to intervene in the case. He argued that she was not an "interested person" under the Probate Act. He noted that she was relying on previous wills and trusts to argue that she had standing, but pointed out that "those aren't the operative instruments today. And we understand she filed an appearance, but simply filing an appearance doesn't give a party standing to participate in a case. Now we understand that maybe *** Gabriella *** can observe these proceedings. But to participate in her own behalf as a party, we object to that. And that's why we brought this motion. She's not an interested party."

¶ 10    On February 26, 2024, the circuit court found that Gabriella lacked standing to participate in the proceedings, and it denied her motion to reconsider on April 16, 2024. Gabriella timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12                                    A. Jurisdiction

¶ 13    We have jurisdiction over this appeal under Illinois Supreme Court Rule 304(b)(1), which permits a party to appeal without a special finding when the party appeals "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. March 8, 2016). The circuit court's February 26, 2024, order barred Gabriella from further participating in the case based on its finding that she lacked standing. Therefore, it constitutes a final determination of Gabriella's

4

rights as required by the rule. See *In re Estate of Mueller*, 275 Ill. App. 3d 128, 139 (1995) (finding that the judgment of the trial court was a final and appealable order sufficient to confer jurisdiction on this court because it "finally determine[d] [the decedent's brother's] right to participate in the estate proceedings").

¶ 14                                B. Standing

¶ 15      The sole issue before us is whether Gabriella has standing to participate in the proceedings regarding her mother Silvia's objections to MB's final trust and estate accounts. "The doctrine of standing ensures that issues are raised only by parties having a real interest in the outcome of the controversy." *Powell v. Dean Foods Co.,* 2012 IL 111714, ¶ 35. " 'To have standing, *** the [claimant] must not be merely curious or concerned but must possess some personal claim, status, or right, a distinct and palpable injury which is fairly traceable to the [respondent's] conduct and substantially likely to be redressed by the grant of such relief.' " *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 14 (quoting *Potter v. Ables*, 242 Ill. App. 3d 157, 158 (1993)). "A party must assert its own legal rights and interests, rather than assert a claim for relief based upon the rights of third parties." *Powell v. Dean Foods Co.,* 2012 IL 111714, ¶ 36. "The gravamen of standing is a real interest in the outcome of the controversy * * *." *Stevens v. McGuireWoods LLP*, 2015 IL 118652, ¶ 23. A court's order finding a lack of standing presents a question of law that we review *de novo. In re Estate of Schumann,* 2016 IL App (4th) 150844, ¶ 17.

¶ 16    "Although standing is generally a 'common law concept' [citation], standing under the Probate Act is entirely a creature of statute." *Id.* ¶ 19. The Probate Act defines an "interested person" as "one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved,

5

including without limitation an heir, legatee, creditor, person entitled to a spouse's or child's award and the representative." 755 ILCS 5/1-2.11 (West 2022).

¶ 17    Gabriella argues that she qualifies as an "interested person" and possesses a financial interest in these accounting proceedings because she was named as a beneficiary under Filip's 2006 will. However, that will was invalidated by Filip's 2012 will, and the validity of the 2012 will is not at issue in these proceedings. Therefore, Gabriella's former status as a beneficiary under Filip's superseded will does not vest her with a financial interest, property right or fiduciary status that might be affected by the current proceedings, the subject of which is solely Silvia's objections to MB's final accounts of Filip's estate and trust. This distinguishes her case from those where former beneficiaries were directly challenging the validity of a will or trust. *See, e.g., In re Estate of Schumann*, 2016 IL App (4th) 150844, ¶¶ 32, 40 (finding that the children of decedent's late wife had standing to challenge the validity of decedent's 2007 will that left them nothing, reasoning that because the decedent's earlier will benefited them, they had "the kind of 'real interest in the outcome' of the controversy that is generally sufficient to establish standing"); *Kelley v. First State Bank of Princeton*, 81 Ill App. 3d 402, 413 (1980) (finding that because plaintiffs were named as beneficiaries under a prior will, they qualified as interested persons who were entitled to contest a later will).

¶ 18    Next, Gabriella argues that she has standing in these proceedings because she was a contingent beneficiary of the Filip Rotheimer Revocable Trust at one point in time. At the time of his death, however, Filip's children, including Gabriella's mother Silvia, were still alive. If Filip had died intestate, Gabriella would not have inherited any share of his estate under the Illinois rules of descent and distribution, as she was not one of his heirs. See *In re Estate of Schlenker*, 209 Ill. 2d 456, 462 (2004) (the word "heir" refers to anyone who would take from a person's

6

estate under the statute if that person died without leaving a will); 755 ILCS 5/2-1(b) (eff. Jan. 1, 2018) ("If there is no surviving spouse but a descendant of the decedent: the entire estate [shall be distributed] to the decedent's descendants per stirpes."). Therefore, Gabriella's prior status as a contingent beneficiary does not qualify her as an interested person in these proceedings. See, *e.g., In re Estate of Mueller,* 275 Ill. App. 3d 128, 140 (1995) (the brother of the decedent was not an heir at law because the decedent had surviving children).

¶ 19    Gabriella also argues that she has standing in these proceedings because Filip gifted her fractional non-voting membership shares in several of his limited liability companies (LLCs) and she received monetary distributions based on her respective interest in the LLCs when MB was acting as trustee. Gabriella specifically identifies the 1.46% membership interest in one of the LLCs and argues that because she is "a fractional shareholder to limited liability companies in Filip's trust", "[t]his fact, under Illinois law, is sufficient to give her standing in the underlying matter." However, she cites no authority to support this contention. Moreover, because any interest of Gabriella's is in the LLC, not the Filip Rotheimer Revocable Trust itself, her claim is too attenuated from the present dispute to give her standing. We do see how her fractional interest in these LLCs will be affected by a judgment in this matter, as these proceedings do not challenge the disbursements received by LLC members, charge MB with breaching its fiduciary duty to the LLCs, or seek to alter Gabriella's interest in the LLCs. See 755 ILCS 5/1-2.11 (an "interested person" must "ha[ve] or represent[] a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding"). Therefore, because Gabriella fails to show that she possesses an interest that will be affected by the trial court's

decision in this proceeding, we find she lacks standing to challenge MB's final accounts of Filip's trust and estate.

¶ 20                                    C. Doctrine of *Laches*

¶ 21     Gabriella nevertheless argues that Florence should have been prevented from challenging her standing to participate in these proceedings under the doctrine of *laches*, because she filed her *pro se* appearance in 2014, moved to join several of Silvia's objections to MB's accountings, and appeared in court multiple times over the years without any objection from Florence. The circuit court found the doctrine of *laches* inapplicable because Gabriella was not a party and because she possessed "no real interest in these guardianship proceedings."

¶ 22     "*Laches* is an equitable defense asserted against a party 'who has knowingly slept upon his rights and acquiesced for a great length of time, [citation] and its existence depends on whether, under all circumstances of a particular case, a plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did.' " *Tillman v. Pritzker*, 2021 IL 126387, ¶ 25 (quoting *Pyle v. Ferrell,* 12 Ill. 2d 547, 552 (1958)). The two "fundamental elements" of *laches* are "(1) 'lack of due diligence by the party asserting the claim' and (2) 'prejudice to the opposing party.' " *Id.* (quoting *Van Milligan v. Board of Fire & Police Commissioners of the Village of Glenview*, 158 Ill. 2d 85, 89 (1994)). We review a court's ruling on the doctrine of *laches* for an abuse of discretion. *Negron v. City of Chicago*, 376 Ill. App. 3d 242, 246 (2007).

¶ 23     Gabriella has not cited a single case finding that the equitable doctrine of *laches* may bar a standing challenge. We agree with the circuit court that the doctrine of *laches* is inapplicable here because Gabriella cannot satisfy either element. She was not named a party or served with a summons or complaint, and she never moved to intervene. Nonparties do not become parties by informally inserting themselves into a case. See, *e.g., MidFirst Bank v. McNeal*, 2016 IL App (1st)

150465, ¶ 14 ("Generally, a person who is not made a party need not and cannot appear in an action unless the appearance is acquiesced in by the plaintiff, or unless the third person makes himself or herself a party by some recognized form of proceeding.") Moreover, Gabriella fails to demonstrate that she suffered any prejudice here. Although she claims she made a "substantial personal and financial investment" in these proceedings, she offers no support for this assertion. *Cf. Solomon v. North Shore Sanitary District,* 48 Ill. 2d 309, 322 (1971) (finding plaintiff's claim was properly barred by laches where plaintiff delayed more than two years before bringing suit, and the defendant was prejudiced by this delay because it had already sold $8 million in bonds and expended part of these funds in furtherance of a construction project). Hence, the equitable defense of *laches* does not apply here.

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 26    Affirmed.